

CRAIG CARPENITO
United States Attorney

MARTHA K. NYE
Assistant United States Attorney

**U.S. Department of Justice**
*United States Attorney*
*District of New Jersey*

CAMDEN FEDERAL BUILDING & U.S. COURTHOUSE
401 Market Street, 4th Floor
Post Office Box 2098
Camden, New Jersey 08101-2098

856.757.5026
Fax: 609-989-0679
martha.nye@usdoj.gov

January 10, 2020

Jerome Ballarotto, Esq.
143 White Horse Ave
Trenton, NJ 08610

CR. 20-119 (RBK)

Re: <u>Plea Agreement with Khalif Toombs</u>

Dear Mr. Ballarotto:

    This letter sets forth the plea agreement between your client, Khalif Toombs, and the United States Attorney for the District of New Jersey ("this Office").

### Charge

    Conditioned on the understandings specified below, this Office will accept a guilty plea from Khalif Toombs to a one-count Information which charges him with conspiracy to distribute or possess with intent to distribute 1 kilogram or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, contrary to 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), in violation of 21 U.S.C. § 846. If Khalif Toombs enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Khalif Toombs for his role in the drug distribution activity set forth in the criminal complaint, Mag. No. 19-1050 (AMD). In the event, however, that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Khalif Toombs agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Khalif Toombs may be commenced against him, notwithstanding the expiration of the limitations period after Khalif Toombs signs the agreement.

### Sentencing

    The violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) to which Khalif Toombs agrees to plead guilty carries a statutory, mandatory minimum prison sentence of 10 years and a statutory maximum prison sentence of life and a statutory maximum fine equal to the greatest of:

1

(1) $10,000,000; or (2) twice the amount of any pecuniary gain that any persons derived from the offense.

The sentence to be imposed upon Khalif Toombs is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Khalif Toombs ultimately will receive.

Further, in addition to imposing any other penalty on Khalif Toombs, the sentencing judge: (1) will order Khalif Toombs to pay an assessment of $100, pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Khalif Toombs to pay restitution pursuant to 18 U.S.C. §§ 3663 *et seq.*; (3) may order Khalif Toombs, pursuant to 18 U.S.C. § 3555, to give notice to any victim of his offense; (4) must order forfeiture pursuant to 21 U.S.C. § 853; (5) may deny Khalif Toombs certain statutorily defined benefits, pursuant to 21 U.S.C. §§ 862 and 862a; and (6) pursuant to 21 U.S.C. § 841(b)(1)(B), must require Khalif Toombs to serve a term of supervised release of at least 5 years, with a maximum of lifetime supervised release, which will begin at the expiration of any term of imprisonment imposed. Should Khalif Toombs be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Khalif Toombs may be sentenced to not more than 5 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

### Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Khalif Toombs by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Khalif Toombs's activities and relevant conduct with respect to this case.

### Stipulations

This Office and Khalif Toombs agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which is hereby made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and

evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Khalif Toombs from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

### Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Khalif Toombs waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

### Immigration Consequences

Khalif Toombs understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Khalif Toombs understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Khalif Toombs wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. Khalif Toombs understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, Khalif Toombs waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea

### Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Khalif Toombs. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service) or any third party from initiating or prosecuting any civil or administrative proceeding against Khalif Toombs.

No provision of this agreement shall preclude Khalif Toombs from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Khalif Toombs received constitutionally ineffective assistance of counsel.

## No Other Promises

This agreement constitutes the plea agreement between Khalif Toombs and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

CRAIG CARPENITO
United States Attorney


/s/ Martha K. Nye
By: MARTHA K. NYE
Assistant U.S. Attorney
District of New Jersey


APPROVED:

ANDREW CAREY
Assistant U.S. Attorney
Attorney-In-Charge, Camden Office

4

I have received this letter from my attorney, Jerome Ballarotto, Esquire. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, and immigration consequences. I further understand that I am giving up certain important rights, including my right to trial by jury, my right to appeal the conviction and sentence in this case, and my right to file a petition for habeas corpus pursuant to 28 U.S.C. § 2255. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____     Date: 2/5/20
Khalif Toombs
Defendant

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____     Date: 2/5/20
Jerome Ballarotto, Esq.
Attorney for Khalif Toombs

5

## Plea Agreement With Khalif Toombs

### Schedule A

1. This Office and Khalif Toombs recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Khalif Toombs nevertheless agree to the stipulations set forth herein.

2. The version of the United States Sentencing Guidelines effective November 1, 2018 applies in this case.

3. The applicable guideline is U.S.S.G. § 2D1.1. Khalif Toombs agrees that the conspiracy which he joined, and his relevant and readily foreseeable conduct, involved conspiring to distribute and possess with intent to distribute more than 3 kilograms, but less than 10 kilograms of heroin. Accordingly, Khalif Toombs's base offense level is 32. *See* U.S.S.G. § 2D1.1(c)(4).

4. Because Khalif Toombs was a manager or supervisor of criminal activity that involved five or more participants or was otherwise extensive, Khalif Toombs's offense level is increased by 3 levels. *See* U.S.S.G. § 3B1.1(b).

5. As of the date of this letter, it is expected that Khalif Toombs will enter a plea of guilty prior to the commencement of trial, will truthfully admit his involvement in the offense and related conduct, and will not engage in conduct that is inconsistent with such acceptance of responsibility. If all of these events occur, and Khalif Toombs's acceptance of responsibility continues through the date of sentencing, a downward adjustment of 2 levels for acceptance of responsibility will be appropriate. *See* U.S.S.G. § 3E1.1(a) and Application Note 3.

6. As of the date of this letter, it is expected that Khalif Toombs will assist authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-level reduction in Khalif Toombs's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Khalif Toombs enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Khalif Toombs's acceptance of responsibility has continued through the date of sentencing and Khalif Toombs qualifies for a 2-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Khalif Toombs's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

7. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Khalif Toombs will be 32 (collectively, "the agreed total Guidelines offense level").

8. The parties agree not to seek or argue for any upward or downward departures or adjustments at Step II of Sentencing, and the parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. Khalif Toombs reserves the right, however, to argue at Step III of sentencing for a downward variance pursuant to the factors set forth in 18 U.S.C. § 3553(a). This Office reserves the right to oppose any such application.

9. Khalif Toombs knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if the sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 32. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if the sentence within or above the Guidelines range that results from the agreed total Guidelines offense level of 32. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

10. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.