IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | : : : : : : : : : | Crim. No. 20-119 (RBK) **OPINION** |
| v. |  |  |
| KHALIF TOOMBS, Defendant. |  |  |

**ROBERT B. KUGLER**, United States District Judge:

Defendant Khalif Toombs is a federal inmate currently incarcerated in Danbury, Connecticut. He is proceeding with a motion for an extension of time to file a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. For the following reasons, the motion will be **DENIED**.

**I.   BACKGROUND**

Defendant pled guilty to one count of conspiracy to distribute or possess with intent to distribute 1 kilogram or more of a mixture and substance containing a detectable amount of heroin. On November 2, 2020, the Court entered judgment against Defendant and he was sentenced to 135 months imprisonment to be followed by 5 years of supervised release. Defendant did not file a direct appeal.

On October 19, 2021, Defendant filed a motion for an extension of time to file an appeal of an unspecified decision by this Court. We denied that motion. On November 16, 2021, Defendant filed a motion for extension of time to file a motion set aside or correct his sentence pursuant to 28 U.S.C. § 2255. In the November 16, 2021 filing, Defendant clarified that his intention in the October 19, 2021 motion was to seek more time to file a § 2255 motion, not an

1

appeal, and he recently learned of the difference between § 2255 motions and appeals. Defendant does not provide a reason for an extension in his November 16, 2021 filing, but the proffered reason in the October 19, 2021 filing is lack of access to the law library for seven months due to the COVID-19 pandemic. Defendant requests sixty additional days to file a § 2255 motion. Defendant intends to raise unspecified constitutional issues.

II.     DISCUSSION

Because any potential § 2255 motion that Defendant may file would be filed after April 24, 1996, Defendant is subject to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. 104-132, 110 Stat. 1214 (Apr. 24, 1996). Under 28 U.S.C. § 2255(f), Defendant had one year in which to collaterally attack his judgment and conviction. This one-year period began to run when Defendant's "judgment of conviction became final." 28 U.S.C. § 2255(f)(1). As Defendant did not file a direct appeal from his judgment and conviction, his judgment became final for § 2255 purposes fourteen days after the judgment was entered on November 2, 2020. *See McAuley v. United States*, No. 11-6930, 2013 WL 618207, at *4 (D.N.J. Feb. 19, 2013) (citing *Antigua-Diaz v. United States*, No. 11-6082, 2012 WL 4194500, at *2 (D.N.J. Sept. 17, 2012); Fed. R. App. P. 4(b)(1)(A)). Accordingly, Defendant had until November 16, 2021 to file his § 2255 motion. As noted above, Defendant filed his motion for an extension of time to file a § 2255 motion on November 16, 2021, or within the one-year AEDPA statute of limitations period.

The Third Circuit recognizes the jurisdiction of the sentencing court to rule on motions for extensions of time to file a § 2255 motion before the substantive motion for relief is filed. *United States v. Thomas*, 713 F.3d 165, 173 (3d Cir. 2013). "There are no bright-line rules for determining whether extra time should be permitted in a particular case." *Thomas*, *Id.* at 174 (citing *Sistrunk v.*

*Rozum*, 674 F.3d 181, 190 (3d Cir. 2012)). Instead, "the unique circumstances of each defendant seeking relief must be taken into account." *Id.* (citing *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2012)). "Courts should grant a motion for an extension of time to file a § 2255 motion sparingly, and should do so only when the 'principles of equity would make the rigid application of a limitation period unfair.'" *Id*. (quoting *Pabon*, 654 F.3d at 390) (other citation omitted). "Equity permits extending the statutory time limit when a defendant shows that (1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (cleaned up).

Defendant seeks additional time to file his § 2255 motion because he does not have a legal education and because his access to the law library has been limited during the COVID-19 pandemic. Lack of legal knowledge and restricted access to the law library, even during the pandemic, are not sufficient bases to grant the motion. *See, e.g., Ross v. Varano*, 712 F.3d 784, 799-800 (3d Cir. 2013); *Hines v. United States*, No. 20-CV-10064, 2021 U.S. Dist. LEXIS 112900, at *6-7 (S.D.N.Y. June 16, 2021) (collecting cases). Here, Defendant has not made a showing that he has been pursuing his rights diligently during the one-year AEDPA statute of limitations period. Defendant has not indicated a theory or basis for a § 2255 motion beyond "constitutional issues." Accordingly, the motion for an extension of time to file a § 2255 motion will be denied.

### III.   CONCLUSION

For the foregoing reasons, Defendant's motion for an extension of time to file a § 2255 motion is **DENIED**. An Order follows.

Dated: 11/18/2021                                          /s/ Robert B. Kugler
                                                                          ROBERT B. KUGLER
                                                                          United States District Judge

3